UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20631-CR-UNGARO(s)

UNITED STATES OF AMERICA

vs.

ROBERTO PEREZ,
a/k/a "Rodo,"

       Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

ROBERTO PEREZ (hereinafter referred to as the "defendant") enter into the following

agreement:

1.  The defendant agrees to plead guilty to Count Eight of the Superseding Indictment,

which charges the defendant with Possession with Intent to Distribute over 500 Grams of Cocaine,

in violation of Title 21, United States Code, Section 841(a)(1).

2.  This Office agrees to seek dismissal of Count One of the Superseding Indictment,

as to this defendant, after sentencing.

3.  The defendant is aware that the sentence will be imposed by the Court after considering

the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing

Guidelines").  The defendant acknowledges and understands that the Court will compute an

advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be

determined by the Court relying in part on the results of a pre-sentence investigation by the Court's

probation office, which investigation will commence after the guilty plea has been entered.  The

defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of five (5) years and may impose a statutory maximum term of imprisonment of up to forty (40) years, followed by a term of supervised release of no less than four years up to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $5,000,000.00.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.  This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.  This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court and to the extent permitted by the applicable mandatory minimum sentence provisions. This Office, however, will not be required to make this motion and this recommendation if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering into this plea

3

agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.   The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9.   This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. Any such evaluation will also take into account other benefits already conferred on the defendant by this Office as part of this plea agreement, namely those set forth in paragraphs 1, 2 and 7.   If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the

4

Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) Quantity of drugs: That the quantity of cocaine involved in the offense, for purposes of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is at least 500 grams but less than two (2) kilograms.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not

binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

13.     The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities.  Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture counts of the Superseding Indictment.   Additionally, the defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

The defendant further agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title and interest to any and all assets, and/or their substitutes which are subject to forfeiture pursuant to Title 21, United States Code, Section 853.   Those assets include, but are not limited to, the following:

6

(a)     One 2006 Ford Explorer, (V.I.N. 1FMEU63E06UB36498).

The above named property is property constituting, or derived from proceeds of an unlawful drug activity or was used or intended to be used to facilitate unlawful drug activity as set forth in Count Eight of the Superseding Indictment.

Defendant knowingly and voluntarily agrees to waive any claim or defense the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.

14.   The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.   By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

15.   Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to Possession with Intent to Distribute Cocaine, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.   Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

16.   This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 11/24/13                    By: _____
                                        ELISA CASTROLUGO
                                        ASSISTANT UNITED STATES ATTORNEY

Date: 11/19/13                    By: _____
                                        LUIS FERNANDEZ
                                        ATTORNEY FOR DEFENDANT

Date: 11/19/13                    By: _____
                                        ROBERTO PEREZ
                                        DEFENDANT

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 13-20631-CR-UNGARO(s)**

**UNITED STATES OF AMERICA**

**vs.**

**ROBERTO PEREZ,**
a/k/a "Rodo,"

       **Defendant.**

_____/

## FACTUAL PROFFER

The United States and Defendant ROBERTO PEREZ agree that had this case gone to trial, the Government would have proven the following facts, among others, beyond a reasonable doubt:

From in or around September 2011 through on or about September 4, 2013, Defendant ROBERTO PEREZ ("Defendant" or "PEREZ") knowingly and willfully agreed and conspired with co-defendant Jose Alberto Ontivero Monte de Oca, and others, to possess with intent to distribute cocaine in Miami-Dade County, in the Southern District of Florida, and elsewhere.

On or about September 28, 2012, Title III court-authorized wire interceptions commenced over co-defendant Jose Alberto Ontivero's cellular phone. The Title III interceptions ended on or about October 27, 2012. During this time period, PEREZ and co-defendant Jose Alberto Ontivero were intercepted in drug-related phone conversations.

Specifically, on or about October 5, 2012, agents of the Drug Enforcement Administration ("DEA") intercepted a phone call between PEREZ and co-defendant Jose Ontivero regarding the sale of a quantity of cocaine. Later that day, DEA agents, conducting

physical surveillance at Jose Ontivero's residence in Hialeah, Florida, observed PEREZ arrive at Jose Ontivero's residence in his vehicle, a Ford Explorer, and enter the residence with Jose Ontivero. PEREZ and Jose Ontivero later exited the residence and walked to PEREZ's vehicle, where PEREZ placed an unidentified item in the trunk. PEREZ then departed Jose Ontivero's residence. Subsequently, a lawful stop was conducted of PEREZ's vehicle. During a search of the vehicle, law enforcement located and seized a plastic bag containing a kilogram of suspected cocaine in the trunk of PEREZ's vehicle. Laboratory analysis confirmed the seized substance was cocaine, a Schedule II controlled substance, with a net weight of 1002 grams.

Accordingly, on or about October 5, 2012, Defendant ROBERTO PEREZ knowingly and intentionally possessed with intent to distribute over five hundred grams of cocaine in violation of Title 21, United States Code, Section 841(a)(1).

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 11/21/13

By: _____
ELISA CASTROLUGO
ASSISTANT UNITED STATES ATTORNEY

Date: 11/19/13

By: _____
LUIS FERNANDEZ
ATTORNEY FOR DEFENDANT

Date: 11/19/13

By: _____
ROBERTO PEREZ
DEFENDANT

2